

## THE ATTORNEY GENERAL
### OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Dr. H. G. Towle, President
Texas State Board of Examiners in Optometry
Snyder, Texas

Dear Sir:                    Opinion No. O-5054
                             Re: Whether person, who is not a
                                 licensed physician, who makes
                                 physical examination of persons
                                 for insurance company violates
                                 medical practice act.

        This is with reference to your recent letter reading in part as follows:

"Recently the question has come before our Board as to whether or not a licensed optometrist is qualified or allowed to make examinations of the eyes, take blood pressure of a person being examined, and matters of examination generally under the Optometry Act, namely, Chapter 10, Article 4552, Revised Civil Statutes of Texas, and also whether or not the fact that he takes the blood pressure of the person he is examining and examines the eyes, not for the purpose of fitting glasses but for the purpose of making a report to an insurance company, would in any way be in violation of the medical practice Act, Chapter 6, Article 4510, and also the penal provisions of the statute regulating the practice of optometry and regulating the practice of medicine.

"In the particular case at hand, a licensed optometrist has been offered employment to make examinations of the eyes for an insurance company. In their examination they require that the blood pressure be taken in order to complete said examination."

        The question presented, stated briefly, is whether one, not a licensed physician, may make physical examinations of persons and receive pay therefor, without violating any provision of the statutes regulating the practice of medicine or optometry.

        No detailed analysis or discussion of the various statutes regulating and relating to the practice of optometry and medicine is necessary to show that they do not denounce nor prohibit one, not a licensed optometrist or physician, from making physical examinations of persons and receiving pay for such service.

        Article 741 of the Penal Code of Texas provides:

"Any person shall be regarded as practicing medicine within the mean-
of this chapter:

"1. Who shall publicly profess to be a physician or surgeon and shall
treat or offer to treat any disease or disorder, mental or physical,
or any physicial deformity or injury, by any system or method, or to
effect cures thereof.

"2. Who shall treat or offer to treat any disease or disorder, mental
or physical, or any physical deformity or injury, by any system or
method, or to effect cures thereof and charge therefor, directly or in-
directly, money or other compensation."

In prosecutions for unlawfully practicing medicine, the above
quoted article is controlling. There is nothing in such article, nor in
any other statute regulating the practice of medicine or optometry in
Texas, prohibiting one, not a licensed physician or optometrist, from
making an examinaton of the eyes, taking the blood pressure, or making
physical examinations generally of other persons, and receiving pay for
such service.

You are therefore advised that a registered optometrist may
accept employment to make examinations of persons' eyes and to take the
blood pressure of such persons and to make physical examinations gener-
ally without violating any provision of the statutes regulating the
practice of optometry and medicine.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY /s/ E.G. Pharr

E. G. Pharr
Assistant

EGP:db:egw

APPROVED FEB 2, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman